UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. 11-9-JJB |
| | § | |
| v. | § | |
| | § | |
| SHEDRICK O. MCKENZIE | § | |
| HENRY L. JONES | § | |
| CHIKENNA D. JONES | § | |
| JO A. FRANCIS | § | |
| MARY H. GRIFFIN | § | |
| STEPHANIE D. DANGERFIELD | § | |

**BRIEF IN SUPPORT OF MOTION TO MODIFY BAIL CONDITIONS**

The Defendant's Motion to Modify Bail Conditions is reasonable under the circumstances and should be granted based on both the letter and the spirit of the law. The Defendant has faithfully fulfilled the present conditions of her release and has attended all court proceeding that she was required to appear. The Courts have long established that the purpose of bail is not to punish a defendant; bail is used to ensuring the defendant's availability for trial. Moreover, the case law provides that a defendant is entitled to a reasonable bond and bond conditions.

**ARGUMENT**

There are deeply rooted statutory safeguards that protect a defendant's right to reasonable release conditions. The United States Congress has provided the following:

> "The judicial officer is not given unbridled discretion in making the detention determination. United States Congress has specified the considerations relevant to that decision. These factors include the nature and seriousness of the charges, the substantiality of the government's evidence against the arrestee, the arrestee's background and characteristics,

and the nature and seriousness of the danger posed by the suspect's release."

- 18 U.S.C.S. § 3142(g)

In United States v. Salerno, the Supreme Court held, "The only arguable substantive limitation of the Bail Clause is that the government's proposed condition of release not be 'excessive' in light of the perceived evil." United States v. Salerno, 481 U.S. 739.

"When the government has admitted that its only interest is in preventing flight, bail must be set by a court at a sum designed to ensure that goal, and no more." Id. "Excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great." Id. "The Due Process Clause, U.S. Const. Amend. V, protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as "procedural" due process."Id.

## CONCLUSION

The Defendant's health necessitates a reasonable modification of her bail conditions. Dr. Francis suffered a stroke that rendered her in critical condition. The rehabilitation center that treated the Defendant for her injuries has released Dr. Francis into the care of her sister, Freddie Mae Patterson. The Defendant's sister resides in the

Western District of Tennessee, Ms. Patterson lives at 3075 Wood Thrush Drive in Memphis, TN 38134. Dr. Francis, at present, is not ambulatory and needs her sister's care.

Based on the reasons set forth above, the Defendant respectfully request that the Court rule in favor of the Defendant's Motion to Modify Bail Conditions.

Respectfully Submitted,

__/s/ CHOKWE LUMUMBA_____
**Chokwe Lumumba, Esq. (MSB# 8865)**
**Lumumba, Freelon & Associates**
**P.O. Box 31762**
**Jackson, MS 39286**
**Phone: (601) 353-4455**
**Fax: (601) 353-2818**

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of July 2011 a true and correct copy of the forgoing was electronically filed with the Clerk of the Court using CM/ECF.

/s/ CHOKWE LUMUMBA
Chokwe Lumumba, Esq.
